## McGroerty v. Connelly.

*Real estate broker—Commissions—Judgment on statutory demurrer.*

1. Where a defendant files an affidavit of defence in lieu of demurrer, but does not pray judgment on the demurrer, judgment will not be entered, notwithstanding the legal question raised should be decided in favor of the defendant.

2. Facts which entitle a real estate broker to commissions, considered.

Statutory demurrer.  C. P. Delaware Co., Sept. T., 1924, No. 171.

*A. J. Williams*, for rule;  *J. E. McDonough*, contra.

BROOMALL, J., Jan. 23, 1925. — This is a suit by the plaintiff against the defendant to recover compensation by way of commission for the sale of real estate.

The parties entered into a written agreement, by which it was stipulated that if the plaintiff procured a purchaser of defendant's farm the plaintiff was to be paid a stipulated commission.

The plaintiff submitted to the defendant the name of a purchaser and proposed terms of sale at $31,000, by a form of an unexecuted agreement dated July 19, 1924.

Plaintiff submitted the terms of this agreement to the purchaser, who expressed himself as satisfied, and plaintiff communicated this to the defendant.

The defendant proposed an additional term with plaintiff that he, the plaintiff, should sell his stock or make up any deficiency between the proceeds of a public sale and his commission.  This the plaintiff refused.  Several weeks elapsed, when the purchaser withdrew his offer on account of the cutting of timber by defendant, and submitted a lower offer.  The defendant declined this offer, unless he was permitted to cut five more trees.  The purchaser declined this offer.

By the written agreement between the plaintiff and defendant, dated May 29, 1924, the defendant obligated himself to pay a commission to the plaintiff upon his procurement of a purchaser of defendant's farm.

It cannot be gainsaid that if the plaintiff produced a purchaser to the owner at the appointed time for settlement, who was able, ready and willing to buy upon terms satisfactory to the owner, he is entitled to his compensation.

Or that, if he produced such a purchaser at the appointed time or produced such a purchaser to the owner so that the owner and purchaser might contract and the owner refused, or was unable to convey, still the plaintiff would be entitled to his compensation.

Or if he had obtained an enforceable written contract of the purchaser upon terms satisfactory to the owner, he would be entitled to his compensation, even if the owner, through inability or refusal, did not accept the purchaser.

The salient elements of the instant case are there was no enforceable written contract of the purchaser, and the negotiations between the purchaser and owner never reached a conclusion.

Every case has its own peculiar facts, but this case in its facts is very similar to Bemister *v.* Hertler, 33 Am. Law Reps. Ann. 579.

It follows that plaintiff's rule for judgment must be refused, which is accordingly done.

The defendant has filed an affidavit of defence in lieu of a demurrer for reasons, one of which is the insufficiency of plaintiff's statement.  We are with the defendant on this proposition.  But he does not pray judgment on the demurrer.  He merely proffers trial, if such is necessary.  The 20th section of the Practice Act of May 14, 1915, P. L. 483, says: "The court may enter judg-

McGroerty v. Connelly.

ment for the defendant or make such other order as may be just." We deem
it sufficient to order that the cause be put at issue and disposed of in due
course.                                                    From A. B. Geary, Chester, Pa.